THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK ROBERT HAHN, Defendant-Appellant.

(No. 11313; )

Fourth District—July 13, 1971.

Morton Zwick, Director of Defender Project, of Chicago, for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana, for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Upon defendants' prior appeal the judgment of conviction of the offense of escape was affirmed but the sentence was vacated and the cause was remanded with directions for reimposition of sentence. *People v. Hahn*, 114 Ill.App.2d 262, 252 N.E.2d 373.

Upon remand the sentence imposed was for a minimum of three years three months, and a maximum of eight years three months, to run concurrently with any unexpired Federal sentence being served by the defendant. Such sentence, in effect, provided credit upon this sentence for defendant's sentence concurrently served in another State.

Counsel appointed upon this appeal have filed a motion to withdraw as counsel providing, and serving upon defendant, a brief as provided in *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493.

Defendant has filed asserted additional points upon appeal in *pro se* response to the order of this Court. His unsworn statements contending that he was compelled to waive evidence in mitigation are contradicted by his sworn testimony at the hearing upon reimposition of sentence. His right to appeal has not been denied.

The record shows that upon a hearing at the reimposition of sentence, defendant was represented by two appointed counsel and that defendant expressly waived any further evidence in mitigation. In response to the detailed questions of the court, defendant advised that no representations had been made to him concerning the sentence to be imposed by the court.

The trial court has fully complied with the mandate of this Court and imposed a lawful sentence. The motion of the Illinois Defender Project to withdraw as appointed counsel is granted.

The judgment of the trial court is affirmed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.